FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 09 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRANSAERO, INC.,

      Plaintiff,

-against-

GRAHAM CHAPPELL and INTERNATIONAL
AVIATION SERVICES PTY, LTD.,

      Defendants.
----------------------------------------------------------X

ORDER
13-CV-5752 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Sheilds, advising the Court regarding the award of damages and attorney's fees. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated February 12, 2016, at 13.) On February 17, 2016, plaintiff filed a motion to alter the judgment. (*See* ECF No. 62.) On February 19, 2016, Magistrate Judge Shields denied the motion as improper and directed plaintiff to make any objections directly to this Court within the time period permitted by statute. The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R with this Court. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety.

  Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a

waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that plaintiff is awarded damages in the amount of $128,688.95 with regard to Signature, and damages in the amount of $134,661.79 with regard to CEP, for a total judgment of $263,350.74. Additionally, the claim for damages based upon Chappell's conduct in 2009 and the claim for attorney's fees are denied without prejudice. Plaintiff shall have thirty (30) days from the date of this Order to renew its motion as to only those two issues.

SO ORDERED

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2016
Central Islip, New York