FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 15 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TRANSAERO, INC.,

                Plaintiff,

-against-

GRAHAM CHAPPELL and INTERNATIONAL
AVIATION SERVICES PTY, LTD.,

                Defendants.
---------------------------------------------------------X

ORDER
13-CV-5752 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

    Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Shields, advising the Court regarding the award of attorney's fees. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated May 11, 2016, at 4.) On July 15, 2016, plaintiff's counsel filed an Affirmation of Service, declaring that he had served the R&R on defendants by overnight and first class mail on that same date. The date for filing any objections has since expired, and no objections have been filed. For the reasons set forth below, the Court adopts the well-reasoned R&R.

    Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure

to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although the parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned R&R. IT IS HEREBY ORDERED that plaintiff's motion seeking attorney's fees (ECF No. 64) in denied. The Court will issue default judgment accordingly.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2016
Central Islip, New York